PER CURIAM.
This is an appeal by the plaintiff/insured Edward J. Gerrits, Inc. from an adverse final summary judgment in an action brought against the defendant/insurer National Union Fire Insurance Company of Pittsburgh, Pennsylvania on a builder’s all-risk insurance policy. We affirm based on a holding that, as a matter of law, the subject insurance policy does not cover the loss sustained by the plaintiff/insured in this ease.
In this action, the plaintiffiinsured sought indemnification for money damages and defense costs incurred in settling a prior lawsuit filed against it by a condominium association. In this prior lawsuit, the condominium association alleged that the plaintiff/insured negligently constructed a condominium project as the general contractor, which project resulted in numerous construction defects for which the plaintiff/insured was liable; the plaintiff/insured eventually settled this lawsuit after giving notice to the defendanVin-surer, and now seeks indemnification in the instant action for the $300,000 in damages paid to the condominium association and $809,000 in attorney’s fees and costs incurred in defending the action.
The builder’s all-risk insurance policy involved in this ease insures the plaintiff/insured “against all risks of direct physical loss of or damage to the property insured [to wit: the condominium project] from any external cause....” The policy contains no duty to defend or indemnification provisions relating to a lawsuit by a third party against the insured. The policy is clearly a first-party contract; if, unlike this case, the insured incurs any direct physical loss or damage to the insured property brought about by an external cause other than the insured, a direct claim may be made by the insured to the insurer for such physical loss or damage. In the instant case, however, the plaintiff/insured made no such direct claim for physical loss or damage to the insured property brought about by some outside external cause; to the contrary, the physical loss or damage to the property was sustained by the condominium association, not the insured, and such loss or damage was ostensibly caused by the insured itself, not by an external cause. Stated differently, the subject policy is not, as urged, a builder’s liability policy which insures the plaintiff/insured against claims of third parties against the insured for the insured’s alleged faulty workmanship; it is a first-party claim policy which insures the builder against physical damage or loss to the property brought about by some external cause other than the insured. See Trinity Indus., Inc. v. Insurance Co. of North America, 916 F.2d 267 (5th Cir.1990).
For the above-stated reasons, the trial court properly entered summary judgment for the defendant/insurer because the subject insurance policy does not cover the plaintiff/insured’s payment of damages, costs, and attorney’s fees in the prior lawsuit. The final summary judgment under review is, therefore, in all respects,
Affirmed.