PER CURIAM.
In these consolidated cases, the Jade East Towers Owners Association, Inc. (Association) obtained a judgment against appellees Sovran Construction Company, Inc. (Sovran) and Jade East Towers Developers (Developers) for damages resulting from construction defects and deficiencies in a condominium project in Destín, Florida. Before making the claims, the Association and individual unit owners had taken over control and occupancy of the condominium from Sovran and the Developers. In subsequent third-party actions by Sovran and the Developers against appellant U.S. Fire Insurance Company, the trial court ruled that a builder’s risk insurance policy, purchased from appellant by the Developers and effective during construction of the condominium project, must indemnify the Association for the claimed construction defects and deficiencies. The trial court determined that the builder’s risk policy was in effect a liability policy. In the trial court’s own words, “[TJhis court finds that the policy must cover, and does cover, the losses claimed against Sovran by the plaintiff in this case.” This was error. See Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So.2d 161 (Fla.2003); Edward J. Gerrits, Inc. v. Nat’l Union Fire Ins. Co. of Pittsburgh, Pa., 634 So.2d 712 (Fla. 3d DCA 1994).
Appellees rely on Dyson & Co. v. Flood Engineers, Architects, Planners, Inc., 523 So.2d 756 (Fla. 1st DCA 1988), and argue that the trial court reached the proper result. Appellees’ reliance on Dyson is misplaced, however, because that case involved a completely different situation — an insurer’s right to subrogation against a co-insured. The Florida Supreme Court has very recently said that a builder’s risk policy is not a liability policy: “Builder’s risk insurance is a type of property insurance coverage, not liability insurance or warranty coverage. The purpose of this type of insurance is to provide protection for fortuitous loss sustained during the construction of the building.” Swire, 845 So.2d at 165. Further, as the Third District explained in Gerrits, a builder’s risk policy is a first-party contract and does not indemnify a third party, such as a condominium association, for faulty work *223 manship. See Gerrits, 634 So.2d at 713. Accordingly, we REVERSE the judgment and REMAND with directions that judgment be entered in favor of appellant.
KAHN, WEBSTER, and DAVIS, JJ., concur.